[Civ. No. 52121. First Dist., Div. Three. Nov. 24, 1981.]

ROBERT L. BYRD et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO
JUDICIAL DISTRICT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

[Civ. No. 53005. First Dist., Div. Three. Nov. 24, 1981.]

WILLIAM JOHN CHIKAN, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO
JUDICIAL DISTRICT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Defendant and Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

J. Farragher Campbell, William B. Dunn and Joseph D. O'Sullivan for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Robert R. Granucci and Herbert F. Wilkinson, Deputy Attorneys General, for Real Party in Interest and Respondent.

OPINION

**SCOTT, Acting P. J.**—The appellants in these consolidated cases appeal from orders of the superior court denying their petitions for writs of prohibition and/or mandate.

Appellants Robert Byrd, Howard Koch, George Shelby and William Chikan were each charged by separate complaint with driving "under the influence of intoxicating liquor and under the combined influence of intoxicating liquor and drugs" in violation of Vehicle Code section 23102, subdivision (a). Each demurred to the complaint, and the demurrers were overruled by the municipal court. Seeking to restrain further prosecution, appellants petitioned for writs of prohibition and/ or mandate in the superior court; the petitions were denied and these consolidated appeals followed.

The sole question presented is whether the complaints against appellants give constitutionally adequate notice of the allegations against which they will be required to defend. Relying on *Sallas* v. *Municipal Court* (1978) 86 Cal.App.3d 737 [150 Cal.Rptr. 543], appellants argue that the use of the word "drugs" in the complaint does not afford them adequate notice; they urge that unless the prosecution specifically indicates at a minimum the class of drugs allegedly consumed in combination with liquor, they have not been provided with proper notice and cannot prepare a defense.

A demurrer may be sustained when an accusatory pleading "... does not substantially conform to the provisions of Sections 950 and 952

. . . ." (Pen. Code, § 1004.) Section 952 provides in relevant part: "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement . . . may be in the words of the enactment describing the offense . . . ." ■ However, due process requires that an accused be reasonably advised of the charges against him so that he may have an opportunity to prepare and present his defense, and so that he can avoid being taken by surprise at trial. (*In re Hess* (1955) 45 Cal.2d 171, 175 [288 P.2d 5]; *Sallas* v. *Municipal Court, supra*, 86 Cal.App.3d at p. 743.) ■ A literal compliance with Penal Code section 952 may be insufficient to withstand a demurrer, where the language of the statute fails to give the accused constitutionally adequate notice of the offense with which he is charged. (*People* v. *Jordan* (1971) 19 Cal.App.3d 362, 369 [97 Cal.Rptr. 570].)

In *Sallas*, numerous individuals were accused by separate complaints of misdemeanor violations of Health and Safety Code section 11550, in that each did ". . . unlawfully and willfully use and was under the influence of a controlled substance." The controlled substance was otherwise undescribed. As in this case, each accused demurred, in part on the ground that the complaint failed to give sufficient notice of the offense charged. The demurrers were overruled, and petitions for writs of prohibition seeking to enjoin further prosecution were denied.

Reversing, the *Sallas* court noted that the "controlled substances" within the proscriptions of section 11550 included about 120 drugs or substances, together with their isomers, esters, ethers, salts, and salts of isomers, among them "narcotics and nonnarcotics, hallucinogens and nonhallucinogens, stimulants and depressants." The observable symptoms of an individual under the influence of one of these substances vary widely and obviously depend on which was used. Because the accuseds were charged with use or being under the influence as opposed to possession, the substances themselves would not ordinarily be available for use as evidence. The prosecution would be obliged to rely principally, if not entirely, on the evidence of the accuseds' appearance, conduct, and symptoms.

Given the lack of specificity in the complaints either as to the controlled substance or the particular symptoms at issue, each accused had to be prepared to defend against proof that he had used or been under the influence of any one of these 120-plus substances. The *Sallas* court concluded that such complaints denied due process: the accuseds were

not reasonably advised of the charges against them, given a fair opportunity to prepare a defense, or enabled to avoid being taken by surprise at trial. (*Sallas, supra,* 86 Cal.App.3d at pp. 742-743.)

▪ The complaints at issue here are not similarly defective. We agree with appellants that many more substances are encompassed by the term "drug" as used in these complaints and in Vehicle Code section 23102, subdivision (a), than are included as "controlled substances" within the meaning of Health and Safety Code section 11550.[1] Nevertheless, despite this broad term, these complaints do adequately notify appellants of the unlawful conduct with which they are charged. Unlike Health and Safety Code section 11550, Vehicle Code section 23102, subdivision (a), places no penalty on simply being under the influence of alcohol or alcohol and drugs. Instead, the penalty is attached to *driving* when under such influence. (*People* v. *Keith* (1960) 184 Cal.App.2d Supp. 884, 886 [7 Cal.Rptr. 613].) To be "under the influence" within the meaning of the Vehicle Code, the liquor or liquor and drug(s) must have so far affected the nervous system, the brain, or muscles as to impair to an appreciable degree *the ability to operate a vehicle* in a manner like that of an ordinarily prudent and cautious person in full possession of his faculties. (*People* v. *Haeussler* (1953) 41 Cal.2d 252, 261 [260 P.2d 8]; see *Gilbert* v. *Municipal Court* (1977) 73 Cal.App.3d 723, 727 [140 Cal.Rptr. 897].) In contrast, "being under the influence" within the meaning of Health and Safety Code section 11550 merely requires that the person be under the influence in any detectable manner. The symptoms of being under the influence within the meaning of that statute are not confined to those commensurate with misbehavior, nor to those which demonstrate impairment of physical or mental ability. (*Id.*)

Given the multiplicity of symptoms and behavior which may indicate use or being under the influence of a controlled substance, the complaints in *Sallas* simply did not enable the accuseds to prepare to defend against a charge of violating Health and Safety Code section 11550. Here, however, the complaints unequivocally notified appellants that their ability to operate a vehicle is the conduct or behavior which

---

[1]Vehicle Code section 312 provides: "The term 'drug' means any substance or combination of substances, other than alcohol, which could so affect the nervous system, brain, or muscles of a person as to impair, to an appreciable degree, his ability to drive a vehicle in the manner that an ordinarily prudent and cautious man, in full possession of his faculties, using reasonable care, would drive a similar vehicle under like conditions."

will be at issue. The demurrers were properly overruled, and the petitions for writs of prohibition and/or mandate properly denied.

The orders are affirmed.

Barry-Deal, J., and Anello, J.,* concurred.

A petition for a rehearing was denied December 18, 1981, and appellants' petitions in No. 52121 for a hearing by the Supreme Court were denied January 20, 1982.

*Assigned by the Chairperson of the Judicial Council.