[Civ. No. 62060. Second Dist., Div. Four. Dec. 22, 1981.]

PAUL ARTHUR ULLOA, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE EAST LOS ANGELES
JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant
and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

**Counsel**

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Real Party in Interest and Appellant.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Anita Susan Brenner, Albert J. Menaster and John Hamilton Scott, Deputy Public Defenders, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

**Opinion**

**KINGSLEY, J.**—This is an appeal by the People of the State of California from a judgment granting a writ of mandate and from the result-

ing peremptory writ of mandate. The superior court directed the respondent municipal court in the writ to vacate its prior order overruling Mr. Ulloa's demurrer to a misdemeanor complaint and to instead make a new order sustaining the demurrer, or in the alternative, to amend the misdemeanor complaint.

Petitioner and respondent herein, Paul Ulloa, was charged by misdemeanor complaint in municipal court with a violation of Vehicle Code section 23105, subdivision (a). The complaint recited that on November 14, 1979, respondent "did wilfully and unlawfully operate a motor vehicle upon a highway while under the influence of a drug." The "drug" or "family of drugs" relied upon as the basis for the offense was undescribed and undesignated in the complaint.

Respondent Ulloa filed a written demurrer to the complaint on the ground that the complaint failed to specify the drug or family of drugs being relied upon as the basis for the charged offense and that this omission constituted a failure to give him proper notice of the charges against him violating his right to due process of law. The commissioner overruled Mr. Ulloa's demurrer on the ground that the lawful ingestion of drugs is not in issue in a Vehicle Code section 23105 case, finding that the restraints of *Sallas* v. *Municipal Court* (1978) 86 Cal.App.3d 737 [150 Cal.Rptr. 543] do not apply.

Mr. Ulloa, the defendant, petitioned for writ of mandate to set aside the court's order overruling his demurrer, and to require this prosecution to specify in the complaint the drug relied upon as the basis for the violation of Vehicle Code section 23105, subdivision (a).

The superior court judge granted Ulloa's petition for writ of mandate on the ground that a complaint must designate the drug or family, class or group of substances relied on as the basis for the offense, in order to give the defendant adequate notice of the offense of which he is accused and to comply with the defendant's right to due process. The court reasoned that, without knowing the drug or family of drugs, the defendant at trial will be unable to show that he did not exhibit the symptoms or behavior ordinarily exhibited by persons ingesting that family of drugs.

The People appeal from the judgment granting the writ of mandate.

The only issue before this court is whether the due process clause entitles a defendant charged with violating Vehicle Code section 23105,

subdivision (a) to notice in the complaint against him of the drug or the family of drugs upon which the prosecution will rely to prove the charge against him.

The respondent-petitioner's reliance on *Sallas* v. *Municipal Court* (1978) 86 Cal.App.3d 737 [150 Cal.Rptr. 543] is not well taken. In *Sallas*, the court held that a defendant accused of being under the influence of "a controlled substance" in violation of Health and Safety Code section 11550 is entitled, under the due process clause, to be advised in the complaint against him of the particular substance or particular family or group of substances which the prosecution is relying upon to support the charge against him. The *Sallas* court reasoned in part that where the complaint is undesignated and undescribed as to which controlled substance was used, the defendant must be prepared to defend against prosecutorial proof of any number of substances, and the defendant is thereby "ill prepared to establish that he had not shown symptoms or behavior attending use of the undisclosed substances." (P. 743) The *Sallas* court also noted that if "the accused had been lawfully ingesting an otherwise forbidden drug on a doctor's prescription he might not safely rely on that statutory defense, for the trial proof might be that he had used some other controlled substance with different symptoms and effects." Thus, the *Sallas* court relied basically on two separate reasons in concluding that failure to apprise a Health and Safety Code section 11550 defendant in the complaint against him of the particular substance or family of substances would be burdensome to the defendant in preparing his defense.

However, those reasons that controlled the court's decision in the *Sallas* case are not at all pertinent in the case at bench. If Mr. Sallas had shown that his particular symptoms or his drug-induced behavior were in fact effected by certain drugs, but that those particular drugs which affected his behavior or caused symptoms were not on the statutory list of proscribed drugs, or that he was using those drugs under a lawful prescription, Mr. Sallas would have had a valid defense.

 However, neither of these reasons are relevant where a defendant is being prosecuted under Vehicle Code section 23105, subdivision (a). Under Vehicle Code section 23105 it is unlawful for a person to drive under the influence of *any* drug. Therefore, it is of no use to the defendant to be able to show that his actual symptoms or unusual behavior influencing driving were really indicative of symptoms produced by a drug that is different from the drug on which he thinks the pros-

ecution will rely to prove the charge against him; where he is being prosecuted under Vehicle Code section 23105, subdivision (a), driving under the influence of *any* drug is proscribed. In other words, any drug impairing defendant's driving is sufficient to bring the defendant within this Vehicle Code statute.

The essence of the Vehicle Code offense of driving under the influence of *any* drug is to prohibit driving where there is a demonstrable impairment of physical or mental abilities. Under Vehicle Code section 23105, subdivision (a), it is no defense that defendant was driving under a drug lawfully prescribed, although this is a proper defense to Health and Safety Code section 11550.

Thus, we conclude that, although all defendants are entitled to due process, and all defendants are entitled to proper notice, whether they are prosecuted under Vehicle Code section 23105, subdivision (a), or Health and Safety Code section 11550, the requirements as to what is due process and what is proper notice, are obviously different under both statutory schemes.

The judgment is reversed.

Files, P. J., and Woods, J., concurred.

The petition of plaintiff and respondent for a hearing by the Supreme Court was denied February 24, 1982.