[Crim. No. 24651. Aug. 21, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD EQUARTE, Defendant and Appellant.

COUNSEL

Kent A. Barkhurst, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GRODIN, J.**—We granted review in this case and in *People* v. *Piper, post,* page 471 [229 Cal.Rptr. 125, 722 P.2d 899], to resolve a conflict in Court

of Appeal opinions concerning the proper interpretation of several recidivist sentencing provisions—adopted in 1982 as part of Proposition 8—which authorize an additional five-year sentence for defendants convicted of statutorily designated "serious felonies." (Pen. Code, §§ 667, 1192.7, subd. (c).)[1] Here, defendant, convicted of assault with a deadly weapon (§ 245, subd. (a)(1)), contends that the trial court erred in concluding that the prerequisites for a five-year enhancement were properly met. We hold, contrary to defendant's contention, that an assault-with-a-deadly-weapon conviction may constitute a "serious felony" within the relevant statutes if the prosecution properly established that the defendant "personally used a dangerous or deadly weapon" in the commission of the offense (§ 1192.7, subd. (c)(23)). Further, although defendant contends that the enhancement was improperly imposed in this case because the complaint failed to allege the section 667 enhancement with sufficient particularity, we conclude— on the basis of our decision in *People* v. *Thomas* (1986) 41 Cal.3d 837 [226 Cal.Rptr. 107, 718 P.2d 94]—that while the complaint may have been subject to a special demurrer for uncertainty, defendant—having failed to demur— may not challenge the enhancement on this ground on appeal. Accordingly, we affirm the judgment.

## I

In April 1983, defendant was charged with two counts of assault with a deadly weapon arising out of an incident in his apartment building in March 1983. In connection with each of the assault counts, the complaint alleged that defendant had inflicted great bodily injury within the meaning of section 12022.7.[2]

In a separate paragraph, entitled "prior conviction," the complaint additionally alleged that defendant had previously been convicted of a "serious felony" within the meaning of sections 667 and 1192.7, subdivision (c)(25)—a 1981 attempted robbery conviction. The complaint did not explicitly allege either generally or by reference to any specific provision of section 1192.7, subdivision (c), that defendant's *current* offenses were "serious felonies" within the meaning of sections 667 and 1192.7, subdivision (c), and it contained no allegation that defendant had "personally used a dangerous or deadly weapon" in the current offenses.

---

[1]Unless otherwise noted, all statutory references are to the Penal Code.

[2]Section 12022.7 provides in relevant part: "Any person who, with the intent to inflict such injury, personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he has been convicted, be punished by an additional term of three years, unless infliction of great bodily injury is an element of the offense of which he is convicted. [¶] As used in this section, great bodily injury means a significant or substantial physical injury. . . ."

At trial, the "prior conviction" issue was bifurcated from the remainder of the charges, to be determined by the court after the jury's consideration of the substantive offenses. At the conclusion of the trial on the principal charges, the jury found defendant guilty of one count of assault with a deadly weapon but acquitted him on the other count. With respect to the count on which he was convicted, the jury found that the great bodily injury allegation had not been established.

Thereafter, at the sentencing hearing, the court considered whether, in addition to the sentence for the assault-with-a-deadly-weapon conviction, a five-year enhancement should be imposed under section 667. Defendant conceded that his 1981 attempted robbery conviction constituted a "serious felony" for purposes of section 667. Section 667, however, authorizes a five-year enhancement only when *both* the defendant's prior crime *and* his current offense constitute "serious felonies," and defendant argued that the prosecution had neither pleaded nor proved that his current offense was such a "serious felony." Defendant's argument was based, in part, on a claim that, under the statutory provisions, assault with a deadly weapon could never provide the basis for a "serious felony" under section 667. The trial court rejected the claim, and concluded that defendant's current offense qualified as a serious felony under section 1192.7, subdivision (c)(23), which defines "serious felony" to include "any felony in which the defendant personally used a dangerous or deadly weapon." Although defendant noted that the prosecution had not specifically pleaded, nor had the jury specifically found, that defendant *personally* used a dangerous or deadly weapon, the court apparently concluded that no such pleading was required and that defendant's "personal use" for purposes of section 667 was adequately established since the evidence at trial clearly demonstrated that there had been no accomplice in this case. Accordingly, the court included an additional five-year enhancement under section 667 in imposing sentence.

On appeal, the Court of Appeal affirmed defendant's conviction for assault with a deadly weapon but reversed the section 667 enhancement. In reaching the latter conclusion, the Court of Appeal relied in part on *People* v. *Bradford* (1984) 160 Cal.App.3d 532 [206 Cal.Rptr. 899], which had earlier concluded that a prior assault-with-a-deadly-weapon conviction did not constitute a "serious felony" under section 1192.7, subdivision (c)(23).

The People then sought review, contending that *Bradford*'s interpretation of the serious felony categories of section 1192.7, subdivision (c) is inconsistent with this court's reading of the statute in our recent decision in *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736]. Because the Courts of Appeal have reached differing conclusions on the issue (compare *People* v. *Arwood* (1985) 165 Cal.App.3d 167 [211 Cal.Rptr.

307] with *People* v. *Sutton* (1985) 163 Cal.App.3d 438 [209 Cal.Rptr. 536]), we granted review to resolve the question.[3]

## II

Section 667, subdivision (a) provides an additional five-year prison term for repeat offenders convicted of a "serious felony" who previously have been convicted of another "serious felony."[4] Section 667, subdivision (d) defines "serious felony," as used in section 667, by reference to section 1192.7, subdivision (c), which lists 25 categories which qualify as "serious felonies."[5]

As noted, defendant concedes that his prior conviction for attempted robbery constitutes a serious felony for purposes of section 667. (§ 1192.7,

---

[3]In addition to deciding the sentencing issue, the Court of Appeal rejected defendant's claim that the evidence was insufficient to support the assault with a deadly weapon conviction. Defendant did not seek review from the Court of Appeal's holding in that regard and we find no reason to disturb the court's conclusion on that point.

[4]Section 667 provides in full: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

"(b) This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply.

"(c) The Legislature may increase the length of the enhancement of sentence provided in this section by a statute passed by majority vote of each house thereof.

"(d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7.

"(e) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors."

[5]Section 1192.7, subdivision (c) provides in full: "(c) As used in this section 'serious felony' means any of the following: [¶] (1) Murder or voluntary manslaughter; (2) mayhem; (3) rape, (4) sodomy by force, violence, duress, menace, or threat of great bodily harm; (5) oral copulation by force, violence, duress, menace, or threat of great bodily harm; (6) lewd acts on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing great bodily injury; (17) exploding a destructive device or any explosive with intent to murder; (18) burglary of a residence; (19) robbery; (20) kidnapping; (21) taking of a hostage by an inmate of a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering or providing heroin, cocaine or phencyclidine (PCP) to a minor; (25) any attempt to commit a crime listed in this subdivision other than an assault."

subds. (c)(25), (c)(19).) He claims, however, that the trial court erred in finding that the People had properly pleaded and proved that his current offense constitutes a serious felony.

As defendant points out, section 1192.7, subdivision (c) does not include "simple" assault with a deadly weapon (§ 245, subd. (a)(1))—the offense of which he was convicted in this case—among the *specifically named* offenses included in its numerous categories. Although two "aggravated" assault-with-a-deadly-weapon offenses—(1) "assault with a deadly weapon or instrument on a peace officer" and (2) "assault with a deadly weapon by an inmate" (§ 1192.7, subds. (c)(11), (c)(13))—are expressly named, simple assault with a deadly weapon is not.[6]

The trial court ruled, however, that defendant's present offense constituted a "serious felony" under section 1192.7, subdivision (c)(23): "any felony in which the defendant personally used a dangerous or deadly weapon."[7] Defendant raises a number of objections to the trial court's ruling. As we explain, we conclude that defendant's objections are unfounded.

█ Defendant initially contends that subdivision (c)(23) should not be interpreted to apply to any felony in which use of a deadly weapon is itself an element of the crime. He maintains that this subdivision was intended to apply only to those cases in which the prosecution has pleaded and proved personal use of a deadly weapon under section 12022, subdivision (b), a separate sentencing provision which provides a one-year enhancement when a defendant personally uses a dangerous or deadly weapon in the commission of a felony.[8] Because section 12022, subdivision (b) contains an explicit proviso making its provisions inapplicable when use of a deadly or dangerous weapon is an element of the underlying offense, defendant argues that subdivision (c)(23) is similarly limited.

In support of his position, defendant relies on *People* v. *Bradford, supra,* 160 Cal.App.3d 532. In *Bradford,* the Court of Appeal noted that the list

---

[6]"Simple" assault with a deadly weapon is included in the list of "violent offenses" contained in section 12021.1, subdivision (b) (see § 12021.1, subd. (b)(24)), a list from which the categories of "serious felonies" in section 1192.7, subdivision (c) was largely drawn. The drafters of section 1192.7, subdivision (c) omitted that specific category, but retained a category defining "serious felony" to include "any felony in which the defendant personally used a dangerous or deadly weapon." (§ 1192.7, subd. (c)(23).) It is the meaning of this latter category that is at issue in this case.

[7]For convenience, section 1192.7, subdivision (c)(23) will hereafter generally be referred to simply as subdivision (c)(23).

[8]*Section 12022, subdivision (b) provides in relevant part:* "Any person who personally uses a deadly or dangerous weapon in the commission . . . of a felony shall, upon conviction of such felony . . . be punished by an additional term of one year, unless use of a deadly or dangerous weapon is an element of the offense of which he was convicted."

of serious felonies set forth in section 1192.7, subdivision (c) was taken in large part directly from the list of "violent offenses" embodied in a separate sentencing provision—section 12021.1, subdivision (b)[9]—and concluded that, like section 12021.1, subdivision (b), the categories of section 1192.7, subdivision (c) should be interpreted to refer to already existing *"discrete crimes* (or former crimes) *and enhancements."* (Italics added.) (160 Cal.App.3d at p. 541.) *Bradford* further ruled that in light of the similarity in language between subdivision (c)(23) and section 12022, subdivision (b), "a serious felony conviction described by [subdivision (c)(23)], and arising out of a crime committed before Proposition 8, is one where an enhancement under section 12022, subdivision (b) was pleaded and proved or admitted." (Fn. omitted.) (160 Cal.App.3d at p. 542.)[10] Because in *Bradford* the defendant's prior assault-with-a-deadly-weapon conviction had not been accompanied by a section 12022, subdivision (b) enhancement, the court held that the five-year enhancement of section 667 had been improperly imposed.

*Bradford,* however, preceded this court's recent decision in *People* v. *Jackson, supra,* 37 Cal.3d 826, and, as Justice Panelli accurately observed for the Court of Appeal in *People* v. *Arwood, supra,* 165 Cal.App.3d 167, 174-175, the language of *Bradford* relied on by defendant is inconsistent with our view of section 1192.7, subdivision (c) in *Jackson.* As *Arwood* explains, *Jackson* "rejected the view that sections 667 and 1192.7 consist only of specific statutory offenses and enhancements. In so doing [*Jackson*] noted that although Proposition 8's serious felony enhancement provisions appear to be largely based upon section 12021.1, subdivision (b)'s list of violent offenses, they also include items describing nonviolent criminal conduct which do not precisely correspond to the elements of any preexisting criminal offense. (E.g., 'selling, furnishing, administering or providing heroin, cocaine, or PCP to a minor' [§ 1192.7, subd. (c)(24)]; *People* v. *Jackson, supra,* 37 Cal.3d at pp. 831-832.) [*Jackson*] reasoned the inclusion of these items evidenced the voter's intention to deter certain criminal conduct regardless of whether it refers to specific criminal offenses because it is perceived as dangerous and deserving of additional punishment when committed by recidivists. It therefore concluded the enhancement provisions enacted by Proposition 8 refer to the criminal *conduct* described therein, *not* to specific criminal *offenses* and thus these provisions apply whenever

---

[9]Section 12021.1 requires incarceration when a person who has previously been convicted of a "violent offense" is found guilty of owning or possessing a concealable firearm. Section 12021.1, subdivision (b) defines "violent offense" for purposes of the section to include 26 enumerated categories.

[10]As we discuss below (see fn. 12, *post*), the *Bradford* court's restriction of its holding to crimes "committed before Proposition 8" is a very significant qualification, which undermines defendant's reliance on that decision.

the prosecution pleads and proves the specified conduct. (*Ibid.*)'' (Italics in original.) (165 Cal.App.3d at pp. 174-175.)

Defendant contends that *Arwood* interpreted *Jackson* too broadly. Although he acknowledges that *Jackson* held that a number of the categories included in section 1192.7, subdivision (c)—(1) residential burglary and (2) furnishing specified drugs to minors (§ 1192.7, subds. (c)(18), (c)(24))—did not refer to preexisting offenses, defendant maintains that *Jackson* did not expressly hold that the remaining subdivisions of section 1192.7, subdivision (c)—including subdivision (c)(23)—should not be read to refer only to discrete, preexisting crimes or enhancements. But while defendant is correct in noting that the *holding* in *Jackson* was limited to the "residential burglary" category involved in that case, *Arwood* properly concluded that the reasoning of the *Jackson* decision cannot be so narrowly confined.

By incorporating section 1192.7, subdivision (c)(23) into section 667, the drafters evidenced their conclusion that a defendant who "personally uses a dangerous or deadly weapon" in the commission of a felony should be classified as a "serious" felon and should be subject to an additional five-year enhancement if he has previously been convicted of a serious felony. In this context, it would be anomalous to exempt an offender simply because use of a dangerous weapon is an element of his underlying offense. The exemption of such crimes from the reach of section 12022, subdivision (b) reflects the nature of the enhancement imposed by *that* provision; when use of a deadly weapon is itself an element of the offense, the aggravated nature of the offense attributable to the use of such a weapon has already been taken into account in establishing the basic sentence for the offense, and thus it would be illogical to impose an additional enhancement based solely on the fact that a deadly weapon was used. Under section 667 and section 1192.7, subdivision (c)(23), however, a five-year enhancement is not imposed simply because the defendant personally used a dangerous or deadly weapon in the current offense; personal use of such a weapon simply places the defendant into the category of serious offenders who may have their sentence increased *if* they have previously been convicted of another serious felony. (See, e.g., *People* v. *Kane* (1985) 165 Cal.App.3d 480, 487-488 [211 Cal.Rptr. 628].) In the section 667 context, it would be illogical to exclude a person who personally used a deadly weapon from subdivision (c)(23)'s serious felony category simply because his use of the weapon happens also to be an element of the offense of which he is convicted.

Defendant argues, however, that if subdivision (c)(23) is interpreted to apply to felonies in which use of a deadly weapon is an element of the offense, two other categories of section 1192.7, subdivision (c)— the two "aggravated" assault-with-a-deadly-weapon offenses noted above

(§ 1192.7, subds. (c)(11), (c)(13))—are rendered superfluous. In the first place, this contention overlooks the fact that subdivision (c)(23) applies only to defendants who *personally* use a deadly weapon in the course of their offense; defendants can be found to have committed a serious felony under the aggravated assault categories if they are simply accomplices in the aggravated assault and so those categories include persons who would not fall under subdivision (c)(23). More fundamentally, this contention is premised on the erroneous assumption that section 1192.7, subdivision (c) was carefully drafted so that each of its 25 categories would be mutually exclusive and there would be no overlapping of subdivisions. From the face of the statute, however, it is clear that the categories were not devised with that precision.[11] Rather, it appears that the categories were intended to be cumulative, and that in the case of the categories—like subdivision (c)(23)— that apply to "any felony" if committed in a particular manner, a defendant's conduct may place him into the "serious felony" classification under a number of different categories.

Accordingly, we conclude that under subdivision (c)(23), "any felony"— including assault with a deadly weapon—may be found to constitute a serious felony if the prosecution properly pleads and proves that defendant personally used a deadly or dangerous weapon in the commission of the offense. Although the prosecution may establish the elements required by subdivision (c)(23) by pleading and proving a separate section 12022, subdivision (b) enhancement, a section 12022, subdivision (b) enhancement is not a necessary prerequisite to the application of subdivision (c)(23). ▆ ▆ ▆ ▆ To the extent that *Bradford* is inconsistent with this conclusion, it is disapproved.[12]

---

[11]For example, attempted murder clearly falls under three separate categories of section 1192.7, subdivision (c): subdivision (c)(9) ("attempted murder"), subdivision (c)(22) ("attempt to commit a felony punishable by death or imprisonment in the state prison for life"), and subdivision (c)(25) ("any attempt to commit a crime listed in this subdivision other than an assault"; "murder" is listed in subdivision (c)(1)). Similarly, murder falls under both subdivision (c)(1) and subdivision (c)(7) ("any felony punishable by death or imprisonment in the state prison for life").

[12]*People* v. *Sutton, supra,* 163 Cal.App.3d 438, which relied on *Bradford*'s erroneous language, is similarly disapproved.

Actually, although *Bradford* does contain the broad language discussed above suggesting that the categories of section 1192.7, subdivision (c) were intended to refer to discrete crimes or enhancements, a careful reading of *Bradford* reveals that the decision does not, in fact, support defendant's argument in this case. As noted above, while *Bradford* did hold that a serious felony as described in subdivision (c)(23) "is one where an enhancement under section 12022, subdivision (b) was pleaded and proved or admitted" (160 Cal.App.3d at p. 542), the opinion expressly limited that holding to crimes "committed before Proposition 8." (*Ibid.*) With respect to post-Proposition 8 crimes, the *Bradford* court stated that "we do not imply that an enhancement finding under section 12022, subdivision (b) is the *only* finding that would satisfy the 'serious felony' statutes. *Presumably, a felony with an enhancement found under subdivision (c)(23) of section 1192.7 will be properly used as a*

█ Defendant additionally contends that even if subdivision (c)(23) may be invoked when an offender has been convicted of assault with a deadly weapon, the trial court nonetheless erred in imposing a five-year enhancement in this case because the complaint failed to allege, and the jury never found, that defendant had *"personally* used a dangerous or deadly weapon," one of the necessary elements of subdivision (c)(23). █ As defendant correctly observes, "personal use" is not a necessary element of the assault with a deadly weapon offenses charged by the complaint. (See, e.g., *People* v. *Chagolla* (1983) 144 Cal.App.3d 422, 429 [193 Cal.Rptr. 711]; *People* v. *Herrera* (1970) 6 Cal.App.3d 846, 852-853 [86 Cal.Rptr. 165].)

█ As noted in the earlier statement of facts, while the complaint in this case alleged that defendant's *prior* attempted robbery conviction was a serious felony under section 667 and section 1192.7, subdivision (c)(25)— and thus placed defendant on notice that a five-year enhancement under section 667 was being sought—it did not inform him of the basis on which the prosecution claimed that his *current* offense was a serious felony for purposes of section 667. Because simple assault with a deadly weapon is not one of the offenses specifically named in section 1192.7, subdivision (c), the complaint left it uncertain as to which of the more general categories of section 1192.7, subdivision (c) the prosecution intended to rely on. We agree with defendant that, under these circumstances, he was entitled to more specific notice of the facts the prosecution intended to prove to justify the section 667 enhancement. (See *People* v. *Jackson, supra,* 37 Cal.3d at p. 835, fn. 12.)

---

'serious felony' prior conviction if the same defendant commits another 'serious felony' in the future." (Second italics added.) (160 Cal.App.3d at p. 542, fn. 10.) While this passage suggests that the *Bradford* court did not anticipate a situation, like the present case, in which the defendant suffered a prior pre-Proposition 8 "serious felony" under a subdivision of section 1192.7, subdivision (c) other than subdivision (c)(23) and in which subdivision (c)(23) is invoked simply to establish that the defendant's current post-Proposition 8 offense is a serious felony, the passage does make it clear that even the *Bradford* court would not have accepted defendant's argument that his present post-Proposition 8 offense could not fall under subdivision (c)(23) simply because the prosecution did not—and could not—plead and prove an enhancement under section 12022, subdivision (b).

In distinguishing between pre- and post-Proposition 8 convictions, the *Bradford* court was apparently concerned with the problems that would be encountered if convictions for assault with a deadly weapon or like offenses sustained many years ago were to be relitigated to determine whether the defendant had personally used a weapon in the course of the offense. (Just such a relitigation of a 1976 conviction had occurred in the trial court in *Bradford*.) *Jackson* resolves these difficulties by making it clear that—in the absence of a valid admission by the defendant—a prior conviction establishes only the "least adjudicated elements" of the offense and that the People may not go behind the conviction to attempt to demonstrate the presence of additional elements necessary to render the prior a "serious felony" under section 667. (*Jackson, supra,* 37 Cal.3d at p. 836.) Accordingly, the result reached in *Bradford* is totally compatible with the *Jackson* decision.

Nonetheless, as we explained in our very recent decision in *People* v. *Thomas, supra,* 41 Cal.3d 837, 843, defendant's remedy for obtaining more specific notice in this regard is provided by the special demurrer procedure authorized by section 1012, and, having failed to invoke that remedy, defendant may not urge the point on appeal. As *Thomas* observes, because "[t]he defect in the pleading . . . is one of uncertainty only, [it] is waived by defendant's failure to demur." (*Ibid.*)[13]

■ Finally, there is no merit to defendant's claim that the enhancement is invalid because the jury in this case never explicitly found that defendant had "personally used" the weapon. With defendant's consent, the section 667 enhancement issue was bifurcated from the remainder of the case and set for determination by the court. On the basis of the evidence that had been presented at trial, the court could properly find that the prosecution had proved defendant's "personal use" of the weapon; indeed, the record leaves no doubt on this factual point.

Accordingly, the judgment of the Court of Appeal is reversed insofar as it invalidates the section 667 enhancement. In all other respects, the judgment of the Court of Appeal is affirmed.

Bird, C. J., Mosk, J., Lucas, J., and Panelli, J., concurred.

**BROUSSARD, J.,** Concurring and Dissenting.—I concur with the majority opinion that assault with a deadly weapon may constitute a "serious felony" within the meaning of Penal Code sections 667 and 1192.7[1] if the defendant

---

[13]We note that defendant does not claim that he was misled by the allegations of the information to believe that the prosecution intended to rely on a specific category *other than subdivision (c)(23)* to support the section 667 enhancement. Although the information did allege, in each of the assault counts, an independent "great bodily injury" enhancement under section 12022.7—an allegation which, if established, would have provided a factual basis for rendering the current offense a serious felony under section 1192.7, subdivision (c)(8)—the information did not purport to link the section 667 enhancement to the great bodily injury allegation. Since an independent enhancement for "personal use of a deadly weapon" under section 12022, subdivision (b) could not be charged in this case because use of the weapon was an element of the underlying offense, the failure to charge a section 12022, subdivision (b) enhancement, even when combined with the charging of the great bodily injury enhancement, would not necessarily or logically have suggested to defendant or his counsel that the prosecution intended to rely on section 1192.7, subdivision (c)(8) rather than on subdivision (c)(23) to support the serious felony allegation.

We do not suggest that where an information charges that an offense qualifies as a serious felony by virtue of a specific subdivision of section 1192.7, the prosecution is free to change its theory at trial and attempt to sustain the enhancement on the basis of a different subdivision. In light of the clarification provided by *Thomas* and the present decision, we trust that in the future the prosecution will afford defendants adequate notice of the specific subdivision or subdivisions of section 1192.7 on which it is relying to establish that both the current and prior offenses are serious felonies for purposes of section 667.

[1]All statutory citations are to the Penal Code.

personally used a dangerous or deadly weapon in the commission of the offense. I would reverse, however, on the ground that defendant did not receive adequate notice that the prosecution would rely upon his use of a dangerous and deadly weapon as the basis for the serious felony enhancement. I dissent from the holding that defendant's failure to demur to the information bars him from asserting this issue.

The information in this case alleged that defendant was previously convicted of attempted robbery, a serious felony under sections 667 and 1192.7. It did not assert that defendant's present offense, assault with a deadly weapon, was a serious felony, but since the status of defendant's prior offense is irrelevant unless the present crime is also a serious felony, defendant was fairly on notice that the prosecution would seek to prove that point.

There are various circumstances under which an assault with a deadly weapon can be a serious felony.[2] The information did not expressly allege which circumstance formed the basis for the serious felony enhancement. It did, however, expressly allege that defendant inflicted great bodily injury upon the assault victim—one of the grounds for classifying an assault as a serious felony under section 1192.7—and made no mention of any other ground, including use of a dangerous or deadly weapon. The jury found that the prosecution had failed to prove the great bodily injury enhancement. The trial judge, however, found that defendant had personally used a dangerous and deadly weapon, and on that basis increased defendant's sentence by five years.

The majority implicitly recognize that the pleading was insufficient to advise defendant that the prosecution would attempt to establish the enhancement on the basis of alleged personal use of a dangerous or deadly weapon. Relying, however, on *People* v. *Thomas* (1986) 41 Cal.3d 837, 843 [226 Cal.Rptr. 107, 718 P.2d 94], they assert that the defect is merely one of "uncertainty," which is waived by failure to demur. (See § 1012.)

*Thomas,* unlike the present case, was a true example of uncertain pleading. The information there charged that defendant had been previously convicted of "a serious felony, . . . burglary, . . . within the meaning of sections 667

---

[2]An assault with a deadly weapon would be a serious felony if the defendant inflicted great bodily injury upon any person other than an accomplice (§ 1192.7, subd. (c)(8)); personally used a firearm (*id.,* see *People* v. *Piper, post,* p. 471 [229 Cal.Rptr. 125, 722 P.2d 899]); committed the assault with intent to rape or rob (subd. (10)); assaulted a peace officer (subd. (11)); was a life prisoner assaulting a noninmate (subd. (12)); was an inmate (subd. (13)); employed a destructive device or an explosive with the intent to injure (subd. (15)) or murder (subd. (17)), or actually inflicted great bodily injury (subd. (23)); personally used a dangerous or deadly weapon (subd. (23)); or committed the assault in an attempt to commit any other crime listed in section 1192.7, subdivision (c).

and 1192.7 of the Penal Code." (41 Cal.3d at pp. 841-842.) Burglary, like assault with a deadly weapon, is not necessarily a serious felony under the cited statutes, and the information alleged no facts which would bring defendant's conviction within the statutes. Such a pleading, we acknowledged, may leave defendant in doubt as to the basis for the enhancement. The "better practice" (p. 843) would be to allege specifically the basis for the enhancement. We concluded, however, that the defect in the *Thomas* pleading "is one of uncertainty only, and is waived by defendant's failure to demur." (*Ibid.*)

In the case at hand, however, the information did state facts which would make defendant's present offense a serious felony within sections 667 and 1192.7. It charged that he had inflicted great bodily injury upon a person not an accomplice to the offense—the exact language of subdivision (c)(8) of section 1192.7.

Under the simplified criminal pleading in effect in this state since 1927, an information is adequate if it sets out "words sufficient to give the accused notice of the offense." (§ 952; see *Patterson* v. *Municipal Court* (1971) 17 Cal.App.3d 84, 87-88 [94 Cal.Rptr. 449].) Under this standard, an information which gives notice that the prosecution intends to prove an offense is a serious felony under sections 667 and 1192.7, and which states facts which would bring that offense within the cited statutes, is not subject to demurrer for uncertainty. (Compare the informations held sufficient against demurrer in *Isaac* v. *Superior Court* (1978) 79 Cal.App.3d 260 [146 Cal.Rptr. 396] and *Byrd* v. *Municipal Court* (1981) 125 Cal.App.3d 1054 [178 Cal.Rptr. 480].) If defendant had no ground for demurrer, he waived nothing by failing to demur.

In short, this is not a case of uncertainty, but one in which the prosecution alleged one basis for the serious felony enhancement but proved another. Under such circumstances, it does not matter that the evidence in fact proved the ground not alleged in the information. It is well settled that a person "cannot be convicted of an offense . . . not charged against him by indictment or information, whether or not there was evidence at his trial to show that he had committed that offense." (*In re Hess* (1955) 45 Cal.2d 171, 174-175 [288 P.2d 5]; *Sallas* v. *Municipal Court* (1978) 86 Cal.App.3d 737, 743 [150 Cal.Rptr. 543]; *People* v. *Feldman* (1959) 171 Cal.App.2d 15, 23 [339 P.2d 888].) The same principle applies to enhancements. As we stated in *People* v. *Jackson* (1985) 37 Cal.3d 826, 835, footnote 12 [210 Cal.Rptr. 623, 694 P.2d 736], "[t]he court could not impose an enhanced term for a subsequent serious felony without proof of each fact required for that enhancement, and principles of due process would require that defendant receive notice of the facts the prosecution intends to prove." I conclude

that the defendant was not charged with a serious felony enhancement based upon his personal use of a dangerous or deadly weapon, and that the additional five-year sentence based upon that enhancement should be reversed.

Reynoso, J., concurred.

Appellant's petition for a rehearing was denied October 2, 1986. Broussard, J., was of the opinion that the petition should be granted.