[No. B030336. Second Dist., Div. Seven. Nov. 20, 1987.]

RICHARD FERDINAND GAYLORD, Petitioner, v.
THE MUNICIPAL COURT FOR THE LONG BEACH JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Edward P. George, Jr., for Petitioner.

No appearance for Respondent.

John A. Vander Lans, City Prosecutor, Robert R. Recknagel, Assistant City Prosecutor, and Gerry L. Ensley, Deputy City Prosecutor, for Real Party in Interest.

## OPINION

**THE COURT.\***—Petitioner Gaylord is charged in a misdemeanor complaint with disorderly conduct, in violation of Penal Code section 647, subdivision (b),[1] by soliciting or agreeing to engage in an act of prostitution. In the instant proceeding, he challenges the respondent's order overruling his demurrer to the complaint. Petitioner principally urges the complaint is fatally deficient because it does not contain a statement sufficient to give him notice of the offense of which he is accused. (§§ 950, 952.) We have heretofore given notice to the parties that we may act by peremptory writ in the first instance, and have requested opposition from the People "addressing in particular the issue whether the complaint gives petitioner sufficient notice of the offense of which he is accused. (See Pen. Code, §§ 647, subd. (b), 950, 952.)" We have read and considered the opposition filed by the People in response to our request.

Section 647, as amended effective January 1, 1987, provides in relevant part: "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:

". . . . . . . . . . . . . . . . . .

"(b) Who solicits or who agrees to engage in or who engages in any act of prostitution. A person agrees to engage in an act of prostitution when, with specific intent to so engage, he or she manifests an acceptance of an offer or solicitation to so engage, regardless of whether the offer or solicitation was made by a person who also possessed the specific intent to engage in prostitution. *No agreement to engage in an act of prostitution shall constitute a violation of this subdivision unless some act, beside the agreement, be done within this state in furtherance of the commission of an act of prostitution by the person agreeing to engage in that act.* As used in this subdivision, 'prostitution' includes any lewd act between persons for money or other consideration." (Italics supplied.)

Section 950 requires an accusatory pleading to contain a statement of the public offense charged. Section 952 provides such statement may be "in any words sufficient to give the accused notice of the offense of which he is accused." ■■ Hence the issue presented in this proceeding is whether a complaint charging violation of section 647, subdivision (b) by agreeing to engage in an act of prostitution must specify an "act, beside the agreement . . . in furtherance of the commission of an act of prostitution." We

---

\* Before Lillie, P. J., Thompson, J., and Johnson, J.

[1] All statutory references are to the Penal Code.

conclude that a complaint must so specify and, inasmuch as the complaint in the instant case does not do so, petitioner is entitled to relief.

■ The language in section 647, subdivision (b) is clear. The provision clearly makes an "act in furtherance" an essential element of the offense of agreeing to engage in an act of prostitution; hence, absent an allegation of such an act a complaint does not advise the defendant of the charge against him and thereby denies him due process of law and fails to comply with the requirements of section 952.

■ The People's argument that the requisite notice may be provided by means of discovery was addressed in *LaMadrid* v. *Municipal Court* (1981) 118 Cal.App.3d 786, 790-791 [173 Cal.Rptr. 599]: "Due process requires that an accused receive notice of the charges against him sufficient to give him reasonable opportunity to prepare and present his defense and in order not to be taken by surprise by evidence at his trial. (*Sallas* v. *Municipal Court, supra,* 86 Cal.App.3d 737, 742 [150 Cal.Rptr. 543].) Neither discovery nor an assumption that the accused has pertinent knowledge may be relied upon to furnish the requisite notice, and in misdemeanor prosecutions no transcript of preliminary examination or grand jury proceedings will be available (as it would be in felony proceedings) to augment the allegations of the pleading. (*Sallas* v. *Municipal Court, supra,* 86 Cal.App.3d 737, 742-743; *People* v. *Clenney, supra,* 165 Cal.App.2d 241, 253-254 [331 Cal.Rptr. 696].)"

■ The People further urge petitioner "clearly received notice of the substantive charge as well as evidentiary facts when reading our instant complaint in conjunction with the police report upon which the pleading was based." Under the circumstances of this case, this is a surprising argument. In support of his demurrer, petitioner sought to show that the (four-page) police report lacked any evidence of an "act in furtherance." On the People's motion the respondent ordered the report stricken as "not a proper consideration for the court in ruling on this demurrer." Inasmuch as our review is limited to the record before the respondent on petitioner's demurrer (see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 250, pp. 256-257), we do not consider the police report.[2]

Let a peremptory writ of mandate issue compelling the respondent municipal court to vacate its order overruling petitioner's demurrer to the complaint, and thereafter to enter a new and different order sustaining the

---

[2] The People's argument would fail even if the police report could be considered in this proceeding. Our review of the report confirms petitioner's assertion that it fails to contain any evidence of an act in furtherance of the commission of an act of prostitution beside the alleged agreement.

demurrer with respect to that portion of the complaint charging him with agreeing to engage in an act of prostitution, but otherwise overruling the demurrer.

The petition of real party in interest for review by the Supreme Court was denied March 31, 1988.