[No. B065807. Second Dist., Div. Four. Mar. 3, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY BYRON BOW, Defendant and Appellant.

1552

COUNSEL

Wesley A. Van Winkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Linda C. Johnson and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

EPSTEIN, J.—The sole issue in this appeal is whether the trial court properly imposed a five-year sentence enhancement under Penal Code section 667, subdivision (a). (All further statutory references are to the Penal Code unless otherwise noted.) Gregory Byron Bow argues that his current offenses are not serious felonies within the meaning of section 667, subdivision (a) and therefore do not support the five-year additional sentence. The Attorney General argues that appellant's guilty plea established that the offenses are serious felonies because appellant personally used his vehicle as a dangerous weapon within the meaning of section 1192.7, subdivision (c)(23).

We reject appellant's broad argument that the Vehicle Code offenses to which he pled guilty cannot constitute serious felonies within the meaning of section 667, subdivision (a). The complaint was not well pleaded and did not give appellant sufficient notice of the facts the prosecution intended to prove to justify the section 667, subdivision (a) enhancement. It was subject to special demurrer for this reason. Appellant did not demur, however, and his failure to do so waived the pleading error.

## Factual and Procedural Summary

Appellant entered a guilty plea to all charges against him in a felony complaint filed in the municipal court. He also admitted all special allegations in the pleading. As a result, there were no contested proceedings in the municipal court, nor was there a superior court trial. Since there was neither a preliminary hearing nor a trial, we take our summary of the circumstances of the offenses from the probation officer's report. Appellant declined to discuss these events with the probation officer and we do not have his account of what occurred. Because the only challenge is to the enhancement imposed pursuant to section 667, subdivision (a), we need not examine the factual background in detail.

In December 1991, Kirk Kamisato, Paula Foley, and Ellen Parrot were at a gasoline station when appellant appeared with a woman companion. According to Mr. Kamisato, appellant began to harass Ms. Foley and Ms. Parrot. An argument ensued between the two men, and when appellant swung at him, Mr. Kamisato struck appellant in the face. The victims then drove away from the station, but were followed by appellant. Appellant broadsided the victims' vehicle, pinning it against a wall. Appellant continued to press on the gas pedal of his car while the victims were trapped inside their vehicle. A witness separated the two cars with a crow bar, and appellant fled the scene. When later apprehended, appellant appeared to be under the influence of alcohol. A test revealed that he had a blood-alcohol level of at least .08 percent.

Ms. Foley received serious injuries; her pelvis was fractured in two places, both hips were broken, two vertebrae were compressed and other vertebrae were fractured. Mr. Kamisato's pelvis was broken in two places and he suffered other fractures and cuts. Ms. Parrot sustained a fractured clavicle and broken ribs.

A four-count complaint was filed in the municipal court charging appellant with the felony offenses of driving under the influence of alcohol or drugs causing injury (count 1—Veh. Code, § 23153, subd. (a)); driving with a .08 percent blood-alcohol level with injury (count 2—Veh. Code, § 23153, subd. (b)); hit and run with injury (count 3—Veh. Code, § 20001, subd. (a)); and the misdemeanor of driving with a license suspended because of a prior conviction of driving under the influence (count 4—Veh. Code, § 14601.2, subd. (a)). As to counts 1 and 2, the information alleged that appellant had proximately caused "bodily injury" to more than one victim within the meaning of Vehicle Code section 23182. It was further alleged as to counts 1 through 3 that appellant previously had been convicted of assault with

great bodily injury and with a deadly weapon in violation of section 245, a serious felony within the meaning of section 667, subdivision (a).

Appellant pleaded guilty to all counts and admitted all of the special allegations in an open plea bargain, and the case was certified to the superior court. Appellant's attorney did not at that time question the sufficiency of the allegations in support of the enhancement under section 667, subdivision (a).

At the sentencing hearing, and for the first time, appellant's attorney argued that none of the present offenses charged constituted a "serious felony" within the meaning of section 1192.7. The prosecutor argued two theories to support imposition of the five-year enhancement under section 667, subdivision (a). First, the prosecutor argued that the present felony offenses were serious felonies because the use of the vehicle constituted the use of a deadly weapon within the meaning of section 1192.7, subdivision (c)(23). Alternatively, the prosecutor argued that the offenses constituted serious felonies because the appellant personally inflicted great bodily injury within the meaning of section 1192.7, subdivision (c)(8).

The trial court imposed a five-year enhancement pursuant to section 667, subdivision (a) without stating the basis for its implicit ruling that a present offense was a serious felony. Appellant was sentenced to state prison for an aggregate term of ten years and eight months, made up of an upper term of three years on count 1 (the base term), two consecutive one-year terms as to count 1 pursuant to Vehicle Code section 23182 for the injuries to Ms. Foley and Ms. Parrott, and one-third of the midterm sentence (eight months) on count 3, all to be served consecutively, and the five-year section 667 enhancement. A three-year sentence on count 2 was stayed and sentencing on count 4, the misdemeanor, was suspended. Appellant filed a timely notice of appeal and obtained a certificate of probable cause.

## DISCUSSION

Appellant argues that imposition of the five-year enhancement under section 667, subdivision (a) was not justified because the offenses to which he pled guilty did not constitute serious felonies under section 1192.7, subdivision (c). We do not agree. As we shall explain, while we agree that appellant did not receive adequate pleading notice on the serious felony enhancement theory, the omission was waived by appellant's failure to challenge the sufficiency of the complaint prior to entering his plea.

Section 667, subdivision (a) provides for the imposition of a five-year enhancement for any person convicted of a "serious felony" who previously

has been convicted of that category of felony. A "serious felony" is a felony within the statutory description of section 1192.7, subdivision (c). (§ 667, subd. (d).)

At sentencing in the trial court, the prosecutor relied on two subparts of section 1192.7, subdivision (c) to support the five-year enhancement. Section 1192.7, subdivision (c)(8) provides that, besides any of a number of specific listed offenses (of which assault with a deadly weapon is not one), a "serious felony" is "any other felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, . . ." Section 1192.7, subdivision (c)(23) provides that a serious felony also is "any felony in which the defendant personally used a dangerous or deadly weapon." The Attorney General argues that the offenses constituted serious felonies by reason of the personal use of a dangerous or deadly weapon in their commission (§ 1192.7, subd. (c)(23)), but concedes that they do not satisfy the criteria of section 1192.7, subdivision (c)(8), because the complaint alleged only that "bodily injury" was inflicted, and did not allege "*great* bodily injury," as required to constitute a serious felony under that provision. Because the Attorney General failed to address whether this deficiency in the complaint was waived by appellant's failure to demur, we sought additional briefing pursuant to Government Code section 68081 on the point. In his supplemental brief, appellant conceded that he had waived any defect in the pleadings under which he was charged by failing to demur at trial, but argued again that the offenses of which he was convicted are not, as a matter of law, serious felonies within the meaning of section 667, subdivision (a).

Both sections 667, subdivision (a) and 1192.7, subdivision (c) were enacted by initiative as part of the Victims' Bill of Rights (Prop. 8, the Initiative) in June 1982. Appellant argues that the framers of the Initiative did not intend to include offenses involving drunk driving in the serious felony list in section 1192.7, subdivision (c). This argument is based on the disjunctive language of section 1192.7, subdivision (a): "Plea bargaining in any case in which the indictment or information charges any serious felony, . . . *or* any offense of driving under the influence of alcohol, . . . is prohibited, . . ." (Italics added.) From this language, appellant concludes that offenses involving drunk driving cannot come within the categories of "serious felonies" specified in section 1192.7, subdivision (c). We disagree.

Appellant's construction, although plausible at first glimpse, is contrary to the express purpose of the Initiative that "persons who commit felonious acts causing injury to innocent victims will be appropriately detained in custody, tried by the courts, and sufficiently punished so that the public safety is

protected and encouraged as a goal of highest importance." (Cal. Const., art. I, § 28, subd. (a).) ■ In construing initiative enactments "we must give the language of the enactment 'a liberal, practical common-sense construction which will meet changed conditions and the growing needs of the people.' [Citation.]" (*People* v. *Prather* (1990) 50 Cal.3d 428, 437-438 [267 Cal.Rptr. 605, 787 P.2d 1012].) ■ "In construing sections 667 and 1192.7, we must try to give effect to every phrase and paragraph, leaving no part of the statute useless or deprived of meaning. [Citations.]" (*People* v. *Jackson* (1985) 37 Cal.3d 826, 832 [210 Cal.Rptr. 623, 694 P.2d 736].)

■ It was clearly the intent of the framers of the Initiative to provide greater sentences for two groups of offenders: those whose conduct comes within the categories specified in section 1192.7, subdivision (c); and those who commit one of the offenses specified in that statute. (See *People* v. *Jackson, supra,* 37 Cal.3d at pp. 832-833.) If we were to adopt appellant's position, felons who commit their offense while under the influence would be subject to a lesser punishment than offenders who act in a state of sobriety. We find nothing in the Initiative to support such a result. (See *People* v. *Prather, supra,* 50 Cal.3d at p. 435 ["the changes enacted pursuant to Proposition 8 were aimed, inter alia, 'at achieving *more severe punishment for, and more effective deterrence of, criminal acts.'* . . . . This general concern with increased punishment and effective deterrence was to be furthered in part by increasing the total period of imprisonment for recidivist offenders."].)

Moreover, appellant's construction is not supported by the language of section 1192.7, subdivision (c), which defines categories of "serious felonies" by conduct rather than by reference to a particular offense. As we have seen, both subdivisions (c)(8) and (c)(23) of section 1192.7 refer to "any felony" in which the defendant engages in specified conduct. In addition, subdivision (c)(7) of section 1192.7 refers to "any felony" punishable by death or life imprisonment. These provisions do not specifically exclude felonies committed while under the influence of alcohol or drugs.

By contrast, such an exception is included in section 667, subdivision (e), which provides that the section 667, subdivision (a) enhancement shall not apply "to a person convicted of selling, furnishing, administering, or giving, or offering to sell, furnish, administer, or give to a minor any methamphetamine-related drug or any precursors of methamphetamine unless the prior conviction was for a serious felony described in subparagraph (24) of subdivision (c) of Section 1192.7." If this provision expressly applied to a person under the influence of alcohol, we would find appellant's argument more compelling. But it does not. We are satisfied that the categories of

felonies specified in section 1192.7, subdivision (c) may be applied to offenses committed under the influence of alcohol if the conduct of the defendant supports the finding.

Based on the information contained in the probation report, it appears that there was a sufficient factual basis to support an allegation that appellant personally inflicted great bodily injury within the meaning of section 1192.7, subdivision (c) and that he used his vehicle as a deadly weapon within the meaning of section 1192.7, subdivision (c). We agree with appellant that the latter enhancement requires evidence that the vehicle was used intentionally; mere negligence is not enough. (*People* v. *Jones* (1981) 123 Cal.App.3d 83, 97 [176 Cal.Rptr. 398].)

The complaint to which appellant pled guilty did not allege either that appellant inflicted great bodily injury or that he intentionally used his vehicle as a weapon. But he did plead guilty to the special allegation that his prior conviction constituted a serious felony within the meaning of section 667, subdivision (a). Appellant is bound by that admission. (See *People* v. *Jackson*, *supra*, 37 Cal.3d at pp. 836-837.)

Under the principles expounded by the Supreme Court in *People* v. *Equarte* (1986) 42 Cal.3d 456 [229 Cal.Rptr. 116, 722 P.2d 890], appellant cannot now challenge the sufficiency of the complaint to which he pled guilty. In *Equarte*, the defendant was charged with two counts of assault with a deadly weapon and a special allegation that he had inflicted great bodily injury within the meaning of section 12022.7 in connection with each count. In a separate paragraph, the complaint alleged that the defendant previously had been convicted of a "serious felony" within the meaning of sections 667 and 1192.7, subdivision (c)(25)—an attempted robbery. The complaint did not explicitly allege that the current offenses were "serious" felonies within the meaning of sections 667 and 1192.7, subdivision (c). The complaint also did not allege that appellant personally had used a dangerous or deadly weapon in the current offenses. (42 Cal.3d at p. 459.)

The prior conviction issue was bifurcated from the other charges at trial. The jury found the defendant guilty of one count of assault with a deadly weapon, but found that great bodily injury had not been established. At sentencing, defendant argued that the prosecution had neither pleaded nor proved that his current offense was a "serious felony" within the meaning of section 667. The trial court imposed the five-year enhancement based on a finding that the current offense constituted a "serious felony" under section 1192.7, subdivision (c)(23) which includes "any felony in which the defendant personally used a dangerous or deadly weapon." Apparently the trial

court concluded that defendant's personal use was established by evidence that he had no accomplice. (*People* v. *Equarte, supra,* 42 Cal.3d at p. 460.)

Concluding that the categories of "serious felonies" defined in section 1192.7, subdivision (c) were intended to be cumulative, the *Equarte* court determined "that in the case of the categories—like subdivision (c)(23)—that apply to 'any felony' if committed in a particular manner, a defendant's conduct may place him into the 'serious felony' classification under a number of different categories." (42 Cal.3d at p. 465.)

The Supreme Court held: "[b]ecause simple assault with a deadly weapon is not one of the offenses specifically named in section 1192.7, subdivision (c), the complaint left it uncertain as to which of the more general categories of section 1192.7, subdivision (c) the prosecution intended to rely on. We agree with defendant that, under these circumstances, he was entitled to more specific notice of the facts the prosecution intended to prove to justify the section 667 enhancement. [Citation.]" (*People* v. *Equarte, supra,* 42 Cal.3d at p. 466.)

The section 667 enhancement was affirmed, however, because defendant had failed to challenge the complaint: "defendant's remedy for obtaining more specific notice in this regard is provided by the special demurrer procedure authorized by section 1012, and, having failed to invoke that remedy, defendant may not urge the point on appeal. As *Thomas* observes, because '[t]he defect in the pleading . . . is one of uncertainty only, [i]t is waived by defendant's failure to demur.' [Citation.]" (42 Cal.3d at p. 467.)

Similarly, the complaint in this case did not give appellant notice of the factual basis under which the current offenses could be categorized as "serious felonies" within the meaning of sections 667, subdivision (a) and 1192.7, subdivision (c). Appellant, however, chose to plead guilty to the complaint as drafted, including the special allegation which stated: "[i]t is further alleged as to Count 1, 2, & 3 that said defendant(s), GREGORY BYRON BOW, was . . . convicted of a serious felony, to wit, ASSAULT GREAT BODILY INJURY AND WITH DEADLY WEAPON, case number A750449, in violation of Section 245 of the Penal Code, within the meaning of Penal Code Section 667(a)." This allegation put appellant on notice that the prosecutor intended to establish that the current offenses were "serious felonies" since under section 667, subdivision (a), a five-year enhancement is authorized "only when *both* the defendant's prior crime *and* his current offense constitute 'serious felonies.' " (*People* v. *Equarte, supra,* 42 Cal.3d at p. 460.)

█ As the Supreme Court observed in *People* v. *Thomas* (1986) 41 Cal.3d 837, 843-844 [226 Cal.Rptr. 107, 718 P.2d 94], "It is not the function

of the information to state the elements of an offense or enhancement. (See §§ 951, 952, 969.) It is, instead, the role of counsel to explain to his client the essentials of the charge. We recognize that in an occasional case counsel may fail to do so, and a defendant may plead guilty or admit an enhancement without having been informed of some critical matter, but that claim is best asserted by a petition for a writ of habeas corpus. [¶] . . . . If defendant wants to assert that in fact he was not properly advised of the basis of the serious felony charges, he will have to do so by petition for a writ of habeas corpus."

 Appellant should have demurred to the complaint prior to entering his guilty plea. Having failed to do so, and thus having deprived the prosecution of the opportunity to more specifically allege the basis for the serious felony enhancement, appellant cannot now challenge the sentence.

### DISPOSITION

The judgment of conviction is affirmed.

Woods (A. M.), P. J., and Stephens, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied May 27, 1993.

*Retired Associate Justice of the Court of Appeal, Second District, Division Five, sitting under assignment by the Chairperson of the Judicial Council.