Filed 12/1/14  P. v. Gregory CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARRY PAUL GREGORY,<br><br>    Defendant and Appellant. | C071521<br><br>(Super. Ct. No. 11F06186) |

Defendant Larry Paul Gregory appeals from the judgment entered following his conviction by a jury of eight counts of child molestation.  The trial court found true allegations defendant had two previous strike convictions for lewd behavior with a child, and imposed a three strike sentence of 75 years to life on each of the eight counts, for an aggregate sentence of 600 years to life.

On appeal, defendant contends the prior strike convictions were alleged only as to count one; therefore, the trial court erred in imposing three strike sentences on any other count, and the matter must be remanded for resentencing.  The People counter that the prior strikes were alleged as to counts one through seven, but not as to count eight, so the

1

case must be remanded for resentencing on count eight only. We agree with the People and remand for resentencing on count eight. The judgment is otherwise affirmed.

## BACKGROUND[1]

### The Allegations

Defendant was charged by the amended information with committing the following crimes against the five-year-old daughter of his ex-wife: oral copulation (Pen. Code, § 288.7, subd. (b)[2] (counts one, two)); sexual penetration (§ 288.7, subd. (b) (count three)); lewd acts with a child under 14 (§ 288, subd. (a) (counts four, six, seven and eight)), and sexual penetration of her vagina (§ 288.7, subd. (b) (count five)).

As to each of the lewd acts charges (counts four, six, seven and eight), it was alleged that defendant was previously convicted of the crime of committing a lewd act upon a child, within the meaning of sections 667.61, subdivision (d)(1), which mandates an indeterminate sentence of 25 years to life in prison for a violation of section 288, subdivision (a), and section 667.71, which mandates an indeterminate sentence of 25 years to life in prison if the fact-finder determines defendant is a habitual sexual offender.

The two prior strike convictions were alleged as follows, after the allegations of all eight substantive counts:

"PRIOR CONVICTION(S)

"(AS TO COUNTS ONE THROUGH SEVEN)

"It is further alleged as to count One pursuant to Penal Code Section(s) 667(b) through (i) that the Defendant(s): LARRY PAUL GREGORY, has suffered the following prior conviction(s) of a serious or violent felony or juvenile adjudication:

---

[1] As the sole issue on appeal concerns sentencing, it is unnecessary to discuss the details of defendant's crimes.

[2] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

2

"1.

"On April 29, 1998, defendant was convicted of the crime of lewd act upon a child in violation of Section 288(a) of the Penal Code in the Superior Court of the State of California, for the County of Sacramento.

"2.

"On April 29, 1998, defendant was convicted of the crime of lewd act upon a child in violation of Section 288(a) of the Penal Code in the Superior Court of the State of California, for the County of Sacramento."

### Verdicts and Sentencing

A jury found defendant, who represented himself in the trial and subsequent proceedings, guilty on all eight counts. In a bifurcated trial, the trial court found that the "allegations as alleged with regard to the prior convictions are true and correct[.]"

The presentence probation report indicated that the trial court's true findings on the prior conviction allegations warranted a three strike sentence on *each count*. The report stated: "The defendant has two prior felony convictions for 288 (a) P.C. (the basis for the Prior Convictions) in which he was sentenced to 10 years State Prison. [¶]…[¶] The defendant has two (2) prior convictions found true within the meaning of Penal Code Sections 667 (b) - (i) and 1170.12 (a) (2) [**Prior Strikes**]. [¶] Regarding Counts 1, 2, 3, and 5, all violations of Section 288.7 (b) of the Penal Code with allegations found true within the meaning of Sections 667.71 and 667.61 (d) (1) of the Penal Code, it is recommended the defendant be committed to State Prison for the indeterminate term of seventy-five (75) years to Life [MPE calculated as twenty-five (25) years to life, tripled] pursuant to Penal Code Section 667 (e)(2)(A)(i). [¶] Regarding Counts 4, 6, and 8, all violations of Section 288 (a) P.C. with allegations found true within the meaning of Sections 667.71 and 667.61 (d) (1) of the Penal Code, it is recommended the defendant be committed to State Prison for the indeterminate term of seventy-five (75) years to Life [MPE calculated as twenty-five (25) years to life, tripled] pursuant to Penal Code Section

3

667 (e)(2)(A)(i).… [¶] Regarding Count 7, a violation of Section 288 (a) P.C. with allegations found true within the meaning of Sections 667.71 and 667.61 (d) (1) of the Penal Code, it is recommended the defendant be committed to State Prison for the indeterminate term of seventy-five (75) years to Life [MPE calculated as twenty-five (25) years to life, tripled] pursuant to Penal Code Section 667 (e)(2)(A)(i)."

At sentencing, defendant noted that the probation report recommended "three strikes on each count" and remarked "I just -- I can't believe you can get three strikes out of each term, or each count. But that's the justice system." He did not otherwise object to the probation report's summary of the court's findings, or to the notion that the court's true findings regarding his prior convictions applied equally to all counts.

The trial court sentenced defendant to an indeterminate term of 75 years to life on each of the eight counts, to be served consecutively.

## DISCUSSION

Defendant contends that, because the "specific terms of the charging document" alleges the prior strike allegations apply only to count one, the court's imposition of a three strike sentence on all counts constitutes an unauthorized sentence. He cites the following language from the introductory paragraph of the strike allegations: " 'It is further alleged *as to count One* pursuant to Penal Code Section(s) 667(b) through (i) that the Defendant(s): LARRY PAUL GREGORY, has suffered the following prior conviction(s) of a serious or violent felony or juvenile adjudication[.]' " (Italics added.) He acknowledges that heading that appears immediately above the introductory paragraph -- " 'PRIOR CONVICTION(S) [¶] (AS TO COUNTS ONE THROUGH SEVEN).' " -- suggests the prior strike allegations apply to counts one through seven.

To be sure, the pleading here was sloppy. However, we conclude that defendant has forfeited his right to complain about the uncertainty of the information and, in any event, any pleading error did not deprive him of due process, because it provided sufficient notice that the strike allegations applied to counts one through seven.

4

### A. Forfeiture

If defendant believed that more specificity was required, he should have demurred to the complaint. "[F]ailure to demur on the ground that a charging allegation is not sufficiently definite waives any objection to the sufficiency of the information." (*People v. Holt* (1997) 15 Cal.4th 619, 672; cf. §§ 1004, 1012.) Because defendant failed to request by means of demurrer greater specificity as to whether the prior convictions were being alleged to count one alone, or as to counts one through seven, he has forfeited his claim of error. (Cf. *People v. Equarte* (1986) 42 Cal.3d 456, 466-467 [defendant entitled to more specific notice of facts forming basis of claim that present offense is a serious felony, but waived because, " '[t]he defect in the pleading…is one of uncertainty only, [it] is waived by defendant's failure to demur.' "].)

### B. Notice

Even if not forfeited, defendant's claim has no merit. Due process requires that a defendant be given notice of the charges against him and the opportunity to defend against them. (*People v. Jones* (1990) 51 Cal.3d 294, 317.) This requirement applies to enhancements as well as substantive charges. (*People v. Hernandez* (1988) 46 Cal.3d 194, 208.) Where a statute requires that an enhancement be pled and proved it must it be specifically pled in the information for the enhancement to be imposed. (*People v. Mancebo* (2002) 27 Cal.4th 735, 743.) The three strikes statutes contain a pleading and proof requirement. (§§ 667, subd. (c), 1170.12, subd. (a).) Defendant does not dispute that the fact of his two prior convictions for lewd conduct was proven.

The question remaining is whether defendant was fairly apprised that the People were seeking imposition of the third strike sentences "AS TO COUNTS ONE THROUGH SEVEN" based on defendant's two prior convictions. We conclude he was. The heading contained in the amended information stating that the People were seeking imposition of the third strike sentences based on defendant's two prior convictions "AS TO COUNTS ONE THROUGH SEVEN" provided adequate notice.

5

Prior to sentencing, defendant had opportunities to express surprise, but he did not. After receiving the probation report, defendant did not object that it recommended punishment of which he had not been apprised by the amended information. Nor did defendant object at sentencing as to the imposition of third strike sentences on counts other than count one. Defendant's failure to object suggests the information provided sufficient notice that the People sought to impose third strike sentences on counts one through seven. Because defendant had "fair notice of [his] potential punishment" (cf. *People v. Smart* (2006) 145 Cal.App.4th 1216, 1225) under the three strike laws on counts one through seven, imposition of enhanced sentences on those counts was permissible.

The People concede that the amended information gave no notice that the prosecution intended to seek a third strike sentence on count eight.[3] We accept the concession, and agree that, under these circumstances, the matter should be remanded for resentencing on count eight only.

---

[3] The heading language for the strike allegations in the original information read: "PRIOR CONVICTION(S) [¶] (AS TO COUNTS ONE THROUGH EIGHT)."

## DISPOSITION

As to count eight only, the 75-years-to-life sentence is reversed, and the matter is remanded for resentencing on count eight.  In all other respects, the judgment is affirmed.

                                                  _____MURRAY_____, J.

We concur:

_____RAYE_____, P. J.

_____NICHOLSON\_\_\_\_\_, J.

7