Filed 4/22/15  P. v. Saunders CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>MARK MCLEAN SAUNDERS,<br><br>　　Defendant and Appellant. | D065479<br><br><br><br>(Super. Ct. No. SCD184170,<br>　SCD179948) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Marianne Harguindeguy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Eric A. Swenson, Kristine A. Gutierrez and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Mark McLean Saunders appeals from the denial of his petition to modify his third strike sentence pursuant to Proposition 36 (Pen. Code,[1] § 1170.126).  He contends the

---

[1]　All further statutory references are to the Penal Code unless otherwise specified.

trial court erred in finding he was ineligible for resentencing because of the nature of his prior convictions. We disagree and affirm.

In 1987, Saunders was convicted of three counts of vehicular manslaughter (§ 192, subd. (c)(4)). In 2005, Saunders was convicted of driving under the influence with a prior vehicular manslaughter conviction (Veh. Code, §§ 23152, subd. (a); 23626; 23540) and failing to appear while on bail (§ 1320.5). He admitted three prior serious/violent felony (strike) convictions (§ 667, subds. (b)-(i)). In 2005, Saunders was sentenced to two consecutive terms of 25 years to life.

In February 2014, the trial court denied Saunders's petition to modify his sentence because the nature of his strike priors rendered him ineligible under section 1170.126, subdivision (e)(3).

Saunders has filed a timely notice of appeal.

Saunders contends his prior convictions for vehicular manslaughter were neither "serious" nor "violent" and thus he was eligible for resentencing under section 1170.126. He also claims his counsel was ineffective for failing to raise this issue in the trial court. We will address the merits of Saunders's arguments about the nature of his prior convictions. Thus, we find it unnecessary to address the issue of ineffective assistance of counsel.

This appeal presents only a narrow question of law, therefore we will omit discussion of the facts of the "current offenses" as well as the facts underlying the three strike priors.

DISCUSSION

A.  Background

In November 2012 the voters enacted the Three Strikes Reform Act (Proposition 36) to limit the types of felonies that will prospectively qualify a person for imposition of the indeterminate life sentence required for a "third strike" conviction.  In addition, the measure created a resentencing mechanism for those previously sentenced to life terms under the previous version of the three strikes law.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.)  Thus, the statute redefines which crimes qualify in the future, separately from the resentencing process it established.

Under section 1170.126, subdivision (a), a person who was sentenced to a life term for a "current offense" for which the person would not be eligible for such sentence under the new statute, may petition the court for resentencing.  The trial court first determines eligibility and then if the inmate is eligible for resentencing, it should conduct a hearing to determine whether resentencing is appropriate under all the provisions of the statute.  (§ 1170.126, subds. (a), (b).)

Subdivision (e) of section 1170.126 also defines several classes of offenders who are not eligible for resentencing.  Before we discuss that section we address the nature of Saunders's strike priors.

The 1987 convictions were for three counts of vehicular manslaughter under section 192, subdivision (c)(4). The parties agree that since 1987, the Legislature renumbered section 192, subdivision (c)(4) as section 191.5, subdivision (b).[2]

Returning to the statutory definition of which persons are ineligible for resentencing, section 1170.126, subdivision (e) provides in part: "An inmate is eligible for resentencing if: [¶] . . . [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of paragraph (C) of paragraph (2) of subdivision (e) of section 667 or clause (iv) of paragraph (2) of section 1170.12."

Section 667, subdivision (e)(2(C) provides in part:

> "If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) unless the prosecutor pleads and proves any of the following: [¶] . . . [¶] (iv) The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of the section, for any of the following felonies: [¶] . . . [¶] (IV) Any homicide offense, including any attempted homicide, defined in sections 187 to 191.5, inclusive."

Saunders acknowledges this section but argues essentially that we should ignore it because of his various arguments that vehicular manslaughter is neither "serious" nor

_____

[2] Section 191.5, subdivision (b) provides: "Vehicular manslaughter while intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, but without gross negligence, or the proximate result of the commission of a lawful act that might produce death, in an unlawful manner, but without gross negligence."

4

"violent" because the underlying conduct leading to the unlawful killing does not amount to a felony.

## B. Analysis

When we interpret a statute we first examine its language. (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) The words used are usually the most reliable indicator of the legislative intent in the drafting of the statute. (*People v. Leal* (2004) 33 Cal.4th 999, 1007.) We must try, where possible, to give effect to every word and phrase in the statute. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476.)

Saunders parses the various sections cited in the statute to support his claim that vehicular manslaughter is not violent under section 667.5, subdivision (c) and not serious under section 1192.7, subdivision (c), because the underlying conduct of criminal activity supporting vehicular manslaughter is behavior "not amounting to a felony."

As we have noted, Proposition 36 has both a prospective and retrospective feature. The statute with regard to resentencing has undertaken to define various types of inmates who, notwithstanding their current offense, are not eligible for relief under the act. The language of section 1170.126 subdivision (e)(3) is absolutely clear, inmates convicted of a homicide offense, including section 191.5, are not eligible for resentencing under the act. Further, when Saunders was convicted of the current offense he admitted that the three vehicular manslaughter convictions were qualifying strikes under section 667, subdivisions (b) through (i). He did not challenge the nature of his strike priors in the appeal from his 2005 convictions and sentence (*People v. Saunders* (Feb. 27, 2007, D047541) [nonpub. opn.]). We agree with the People, Saunders should not be heard now

5

to contend the prior convictions did not qualify as either serious or violent. (*People v. Bow* (1993) 13 Cal.App.4th 1551, 1558.)

In any event, the statute plainly establishes that prior convictions for violation of section 191.5 (previously § 192) are disqualifying for purposes of resentencing under Proposition 36.

The trial court correctly denied the petition.

DISPOSITION

The judgment is affirmed.


                                                                HUFFMAN, Acting P. J.

WE CONCUR:


                    HALLER, J.


                    O'ROURKE, J.