Filed 10/19/15  P. v. Stevens CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JARED ALLEN STEVENS,<br><br>    Defendant and Appellant. | 2d Crim. No. B255637<br>(Super. Ct. No. 2011039177)<br>(Ventura County) |

Jared Allen Stevens appeals a judgment after a jury convicted him of driving while under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and evading an officer (§ 2800.2, subd. (a)).[1]  We conclude, among other things, that 1) substantial evidence supports the judgment; 2) the prosecutor did not engage in misconduct under *Griffin v. California* (1965) 380 U.S. 609; 3) Stevens has not shown the trial court erred in admitting evidence about his blood alcohol content; 4) there was no instructional error; and 5) Stevens has not shown the trial court disclosed to jurors that he had a prior conviction.  Stevens was sentenced to 28 months in state prison.  We affirm.

## FACTS

In the late evening of November 4, 2011, Police Sergeant Terry Burr was driving a police "patrol vehicle."  He saw a speeding Toyota Camry driven by Stevens.  Burr pursued that car and turned on his red light.  Stevens did not stop.  Burr activated the

---

[1] All statutory references are to the Vehicle Code.

siren. Stevens accelerated "to a high rate of speed." As Burr continued his pursuit, Stevens turned the corner of a residential street. Stevens was driving at speeds of 50 to 60 miles an hour.

Stevens stopped the car, got out and ran toward a residential area. He jumped over a fence and continued to flee on foot. Burr called for support from other police units. Police Officer Jesus Sedeno and another officer arrived. They pursued Stevens and apprehended him.

Sedeno took Stevens into custody. Stevens had a "strong odor of alcohol" on his breath. His eyes were red and watery. Sedeno saw "horizontal gaze nystagmus."

Sedeno took Stevens to St. Johns Hospital where a nurse "obtained a blood sample from the defendant with his permission." Sedeno observed "the entire process of the nurse drawing the blood." The nurse "clean[ed] the area," drew the blood, placed the blood into a vial, and "capped" the vial. Sedeno placed a label on that vial. He then took the vial to the police department and placed it into a "refrigerated storage locker" and placed a lock on that locker.

The test results for the two tests of the blood sample were 0.100 and 0.098. Regina Davidson, a forensic scientist with the sheriff's forensic science laboratory, testified the testing of the blood followed the required "protocol."

In the defense case, Dr. Darrell Clarey, a forensic toxicologist, testified that "contamination or fermentation" could have occurred in the blood sample. The sample was not tested until early December. Clarey said hospital records showed Stevens was awake, oriented and mildly intoxicated, which "would argue for levels that are well below an .08."

In rebuttal, Crystal Jo Craver, the supervising forensic scientist for the sheriff's forensic sciences laboratory, testified she reviewed the chain of custody and the "batch analysis summary" of the blood sample from Stevens. The laboratory followed the standard operating protocol procedures.

The jury found Stevens guilty of driving while under the influence of alcohol and evading an officer. It found him not guilty of a separate count of driving with a blood

2

alcohol level of 0.08 or higher.  Stevens filed a motion for a new trial.  The trial court denied the motion.

## DISCUSSION

### *Substantial Evidence*

Stevens contends the trial court erred by not granting a motion for new trial because there was insufficient evidence to support the jury's two guilty verdicts.  We disagree.

In deciding the sufficiency of the evidence, we must draw all reasonable inferences from the record in favor of the judgment.  We do not weigh the evidence or resolve conflicts in the testimony.  (*People v. Maury* (2003) 30 Cal.4th 342, 403.)  We do not decide the credibility of the witnesses.  These are matters exclusively within the domain of the trier of fact.  (*Ibid.*; *People v. Scott* (1978) 21 Cal.3d 284, 296-297.)

Stevens cites to evidence in his favor.  But the issue is not whether some evidence supports him, it is only whether substantial evidence supports the judgment.

### *Driving While Under the Influence of Alcohol*

There is substantial evidence to support the finding that Stevens was driving while under the influence of alcohol.  Section 23152, subdivision (a) provides, "It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle."  "A person is *under the influence* if, as a result of drinking [or consuming] an alcoholic beverage . . . , his or her *mental or physical abilities are so impaired* that he or she is no longer able to drive a vehicle *with the caution of a sober person, using ordinary care*, under similar circumstances."  (CALCRIM No. 2110, some italics added; *Byrd v. Municipal Court* (1981) 125 Cal.App.3d 1054, 1058.)  "Signs of intoxication" include "alcohol on the breath, slurred speech, and glassy or bloodshot eyes."  (*Ingersoll v. Palmer* (1987) 43 Cal.3d 1321, 1346.)

Sedeno testified there was "a strong odor of alcohol coming from [Stevens's] breath and his person."  Stevens's eyes were "red and watery."  Sedeno checked Stevens's eyes and saw "horizontal gaze nystagmus."  There are "six clues" utilized in conducting a horizontal gaze nystagmus examination to determine whether a person is under the

3

influence of alcohol. Stevens tested positive on "all six" factors. (*People v. Joehnk* (1995) 35 Cal.App.4th 1488, 1507-1508 [horizontal gaze nystagmus testing is a "useful tool" in determining whether a defendant is intoxicated].) Sedeno testified that the horizontal gaze nystagmus examination results showed reactions by Stevens that were "consistent with someone who is under the influence of alcohol."

Stevens notes Burr testified, among other things, that Stevens did not swerve or weave while driving. He claims this shows he was not impaired and was driving cautiously. But the trier of fact decides the weight and credibility of the testimony. (*People v. Brown* (2014) 59 Cal.4th 86, 105-106; *People v. Young* (2005) 34 Cal.4th 1149, 1181.) But Burr also testified that speeding is one of the "signs" indicating that a driver may be impaired.

Stevens drove at unsafe speeds on residential streets, refused to stop when pursued by a police officer, and came close to hitting other cars. Burr testified Stevens "was travelling so fast he may have [crossed over the] center line on the residential street." Stevens drove over a dip in the road "so hard that . . . [he] could see sparks underneath the vehicle." Jurors could also infer evidence of impairment included his conduct of abandoning the car in the middle of the street and his attempt to flee. Instead of running, Stevens's effort to get away was only "kind of a jog." "[H]e was going around bushes and going around hedges in the front yards of residences." He eventually jumped over a fence. But on his first try, when he got on top of the fence, he "lost his balance" and fell.

*Evading an Officer*

A defendant is guilty of evading a peace officer where he or she "flees or attempts to elude" a pursuing peace officer's motor vehicle (§ 2800.2, subd. (a)); and the officer's vehicle 1) is "sounding a siren," 2) has "at least one lighted red lamp visible," 3) is "distinctively marked," and 4) "is operated by a peace officer" who is "wearing a distinctive uniform" (§ 2800.1, subd. (a)(1)-(4)); and the defendant's vehicle is driven "'in a willful or wanton disregard for the safety of persons or property.'" (*People v. Flood* (1998) 18 Cal.4th 470, 519; 482; *People v. Ritchie* (1994) 28 Cal.App.4th 1347, 1361[willful and wanton means "'an intentional and conscious disregard for the safety of . . . persons or

4

property. It does not necessarily include an intent to injure'"].) A jury determines from the totality of the evidence whether a defendant was driving with a willful and wanton disregard for the safety of persons or property. (*People v. Steel* (1939) 35 Cal.App.2d Supp. 748, 750.)

Here there is substantial evidence Stevens evaded an officer. Burr activated his police car's red light and spot light, but Stevens did not stop. Stevens continued driving and "accelerated to a high rate of speed." Burr "activated" the siren, yet Stevens continued driving. Stevens turned the corner onto a street with a 25-mile-an-hour speed limit and was driving at speeds of 50 to 60 miles an hour. He was speeding around areas where apartments, a senior center, and a convalescent care center are located. He came close to hitting other cars. Stevens finally stopped the car in the "center of the roadway," got out of the car, jumped over a fence, and "continued to flee on foot."

*Prosecutorial Misconduct*

Stevens contends the prosecutor committed misconduct under *Griffin v. California*, *supra*, 380 U.S. 609 by commenting on the defense failure to produce evidence to challenge the People's blood sample evidence. We disagree.

During argument to the jury the prosecutor said, "The defendant had every opportunity to subpoena witnesses and to test the blood in this case. The only witness that came in was Dr. Clarey. And nothing was presented by the defense regarding that blood."

In *Griffin*, the Supreme Court held that the prosecutor's comment on the defendant's "refusal to testify" violates the Fifth Amendment protection against self-incrimination. (*Griffin v. California*, *supra*, 380 U.S. at p. 614.) The *Griffin* rule "'does not extend to comments on the state of the evidence or on the failure of the defense to introduce material evidence or to call logical witnesses.'" (*People v. Vargas* (1973) 9 Cal.3d 470, 475.)

Here the prosecutor could comment on the inadequacy of the defense expert's testimony and the lack of scientific evidence. Nothing was said about Stevens's decision not to testify.

5

*Instructional Error*

Stevens contends the trial court erred by giving an improper jury instruction--CALCRIM No. 2110. We disagree.

The trial court selected CALCRIM No. 2110 and instructed jurors, "If the People have proved beyond a reasonable doubt that the defendant's blood alcohol level was 0.08 percent or more at the time of the chemical analysis, *you may, but are not required to, conclude* that the defendant was under the influence of an alcoholic beverage at the time of the alleged offense." (Italics added.)

Stevens contends this instruction is invalid under *People v. Roder* (1983) 33 Cal.3d 491. In *Roder*, the court reversed a conviction of receiving stolen property because a jury instruction contained an improper mandatory presumption. It required jurors to presume the element of guilty knowledge if the prosecution proved four basic facts. But the court also ruled that a permissive instruction that "does no more than inform the jury that upon the prosecution's proof of the four basic facts *it is permitted -- but not required -- to* infer guilty knowledge is fairly innocuous . . . ." (*Id.* at p. 506, italics added.)

The CALCRIM No. 2110 instruction permits, but does not require, jurors to conclude the defendant was under the influence on proof of a 0.08 blood alcohol level. It is not the type of instruction that was involved in *Roder*. In the Bench Notes to CALCRIM No. 2110, the Judicial Council wrote, "In accordance with *Roder*, the instructions have been written as permissive inferences." They do not contain an unconstitutional presumption. (*People v. Bransford* (1994) 8 Cal.4th 885, 892-893.)

*Admission of Evidence*

Stevens contends the trial court erred in admitting "evidence relating to the blood sample and its analysis." We disagree.

A trial court's admission of evidence will not be disturbed on appeal unless "'a manifest abuse of discretion is shown.'" (*People v. McAlpin* (1991) 53 Cal.3d 1289, 1299.) A blood draw to determine the defendant's blood alcohol content is properly performed as a medical procedure in a hospital. (*People v. Esayian* (2003) 112 Cal.App.4th 1031, 1040-1041.)

Stevens moved to exclude the evidence regarding the blood draw. The trial court denied the motion and found: 1) the blood was drawn in "a medically reasonable manner," 2) the blood draw took place at a hospital, 3) it was performed by a nurse, 4) it was observed by a police officer who testified about this procedure, 5) the officer saw the blood being drawn, 6) blood was inserted into a vial that was labeled, 7) the vial was taken by the police officer to be tested, 8) Stevens consented to the blood draw, and 9) the People's blood evidence was properly admitted.

Stevens suggests the trial court's findings are not supported by the testimony of the People's witnesses. He claims Craver's testimony does not show the laboratory's procedures were adequate or how the blood alcohol level evidence was accurate or admissible.

The People claim Stevens forfeited this issue. We agree. In his two-and-one-half-page argument in his opening brief, Stevens does not cite to the record and set forth *all* the material evidence of the People's witnesses. "The appellant's brief must set forth all of the material evidence bearing on the issue." (*Grassilli v. Barr* (2006) 142 Cal.App.4th 1260, 1279.) It "must show how the evidence does not sustain the challenged finding." (*Ibid.*) If it does not, we presume the record supports the findings. (*Id.* at p. 1278.)

### *Providing Information about a Prior Felony to Jurors on Voir Dire*

Stevens notes the trial court granted his motion to prevent the jury from hearing "evidence of [his] prior felony DUI conviction." He claims it provided that information to jurors when it read the accusatory pleading to jurors during voir dire. The court said, "Count 1 it is alleged . . . the crime of driving under the influence of alcohol, in violation of Vehicle Code section 23152(a), *a felony*, was committed . . . ." (Italics added.) Stevens argues jurors expect DUI cases to be misdemeanors. But when jurors are told they are felonies, that "left the jury with the logical conclusion that the charges were felonies because of a prior conviction."

The People contend this issue was forfeited. They note Stevens did not object when the trial court read the accusatory pleading. (*People v. Gibson* (1994) 27

7

Cal.App.4th 1466, 1468.)  But Stevens raised this issue in his motion in limine.  He also raised this issue in his motion for a new trial.  But the trial court did not err by denying a new trial.  In her opposition, the prosecutor said the jury was not "aware of the defendant's prior felony [DUI] conviction. . . .  The defense cannot presume the jury knew about the existence of the defendant's prior . . .by the Court simply reading that counts 1 and 2 were felonies . . . ."  She said, "No evidence of the defendant's prior was brought into evidence or ever referenced in any way."

Stevens has not shown that his prior felony was ever mentioned to the jury.  His claim that reading the word "felony" in the accusatory pleading would cause jurors to conclude he had a prior conviction has been rejected.  (*People v. Moore* (1955) 137 Cal.App.2d 197, 205.)  "The word 'felony' did not refer to the prior, but to the charge for which defendant was then on trial."  (*Ibid.*)  "Calling the offense a 'felony' no more informed the jury that there was a prior than did the fact that the case was being tried in the superior court . . . ."  (*Ibid.*)  Moreover, Stevens has not shown prejudice.  (*People v. Castro* (1985) 38 Cal.3d 301, 319.)

We have reviewed Stevens' remaining contentions and we conclude he has not shown error.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

8

Dino Inumerable, Judge

Superior Court County of Ventura

_____

Law Office of Anthony S. Khoury, Anthony S. Khoury for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.